**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4986**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUDITH C. BAKER, a/k/a Judy Baker,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  David A. Faber, Chief District Judge.  (CR-04-132)

Submitted:  April 7, 2006                Decided:  May 8, 2006

Before LUTTIG, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Ernest Skaggs, SKAGGS & SKAGGS, Fayetteville, West Virginia, for Appellant.   Charles T. Miller, Acting United States Attorney, Charleston, West Virginia, John Lanier File, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Judith C. Baker pled guilty to one count of conspiracy to distribute oxycodone and cocaine, in violation of 21 U.S.C. § 846 (2000). On appeal, counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating there were no meritorious grounds for appeal but addressing whether Baker's sentence was cruel and unusual punishment because of her age and poor health and whether the district court erred in not giving her credit for acceptance of responsibility. Baker was informed of her right to file a pro se supplemental brief, but did not do so. The Government did not file a brief. Finding no error, we affirm.

We find there was no error with respect to the court's decision not to decrease Baker's offense level for acceptance of responsibility. Baker's offense level was enhanced because of obstruction of justice as a result of her not appearing for her first sentencing hearing and because she was charged with other offenses while on bond. "Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." USSG § 3E1.1, comment. (n.4); see United States v. Murray, 65 F.3d 1161, 1165 (4th Cir. 1995) (holding that finding of obstruction supports the denial of acceptance of responsibility reduction).

We further find there was no error in Baker's sentence. Because she was sentenced within the properly calculated guidelines range of imprisonment, it is reasonable. United States v. Green, 436 F.3d 449, 456-57 (4th Cir. 2006).

As required by Anders, we have examined the entire record in this case and found no error. Accordingly, we affirm Baker's conviction and sentence. This court requires counsel inform Baker, in writing, of her right to petition the Supreme Court of the United States for further review. If she requests a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Baker. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED